UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ROSEMARY O'MAHONY,                          :   E-FILED
                     Plaintiff,    :   07-CIV- 7916 (VM)
    - against -                               :
                                                  :
ACCENTURE LTD. and ACCENTURE LLP.,          :
                                                  :
               Defendants.  :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
### IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT
### PURSUANT TO FED. R. CIV. PROC. 12(B)(6)

      Defendants Accenture Ltd and Accenture LLP ("Defendants"), by and through their attorneys SEYFARTH SHAW LLP, hereby request that this Court take judicial notice of the following matters pursuant to Federal Rule of Evidence 201 and consider them in deciding Defendants' motions to dismiss as authorized by the Second Circuit. *See Mangiafico v. Blumenthal,* 471 F.3d 391 (2d Cir. 2006) (Court took judicial notice of and considered docket sheet in another action, counsel's response to questions at oral argument regarding matters outside the complaint, and a letter to plaintiff from the Attorney General's office); *Tian Ming Lin v. U.S. Department of Justice,* 473 F.3d 48 (2d Cir. 2007) (*per curiam*) (Court took judicial notice of certain documents that were in the record of another case); *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 75 (2d Cir. 1998) (docket sheets are public records of which the court could take judicial notice); *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (In ruling on 12(b)(6) motion, court may take judicial notice of public records integral to a complaint).

      1.     Plaintiff's March 24, 2005 complaint with the United States Department of Labor's Occupational Safety & Health Administration ("OSHA") against Accenture Ltd and its

subsidiaries.  A true and correct copy of the complaint is attached hereto and incorporated herein at Exhibit A.

      2.      OSHA's Whistleblower Program Manager, Sherrill F. Benjamin, March 25, 2005, Final Investigation Report in which Ms. Benjamin states OSHA did not have jurisdiction over Plaintiff's whistleblower complaint.  A true and correct copy of the Final Investigation Report is attached hereto and incorporated herein at Exhibit B.

      3.       OSHA Secretary's Findings dated May 9, 2005 dismissing Plaintiff's complaint.  A true and correct copy of the May 9, 2005 Findings Letter is attached hereto and incorporated herein at Exhibit C.

      4.      Administrative Law Judge's January 20, 2006 order dismissing Plaintiff's OSHA complaint.  A true and correct copy of this order is attached hereto and incorporated herein at Exhibit D.

      5.      OSHA's Administrative Review Board's dismissal of Plaintiff's appeal indicating that Plaintiff "may bring an action at law or equity in the appropriate United States District Court, which will have jurisdiction over the action without regard to the amount in controversy."  A true and correct copy of this order is attached hereto and incorporated herein at Exhibit E.

      6.      Plaintiff's *Convocation LR-AR Devant le Bureau Conciliation (stamped received March 1, 2005)*.  A true and correct copy of this document is attached hereto and incorporated herein at Exhibit F.

      7.      French Tribunal's judgment dismissing Plaintiff's claims against Accenture SAS and Accenture LLP for cotisations between 2002 and 2004, but awarding Plaintiff lost wages from December 2004, when her pay was reduced, until October 2006.  A true and correct copy of this judgment is attached hereto and incorporated herein at Exhibit G.

Dated: New York, New York
November 2, 2007

                                       Respectfully submitted,

                                       SEYFARTH SHAW LLP

                                       By:    s/ Anthony J. Rao
                                            Anthony J. Rao (AR-8482)
                                     620 Eighth Avenue
                                     New York, New York 10018
                                     (212) 218-5500

                                       David Rowland, admitted *Pro Hac Vice*
                                       Miriam Geraghty, admitted *Pro Hac Vice*
                                     131 South Dearborn Street, Suite 2400
                                     Chicago, IL 60603
                                     (312) 460-5965

                                     Attorneys for Defendants Accenture Ltd and Accenture LLP