Anthony J. Rao (AR-8482)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
Tel.: (212) 218-5500

David Rowland, *admitted Pro Hac Vice*
Miriam Geraghty, *admitted Pro Hac Vice*
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603
Tel: (312) 460-5000

*Attorneys for Defendants Accenture Ltd and Accenture LLP*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSEMARY O'MAHONY, | **ECF Case** |
| Plaintiffs, | CIVIL ACTION NO.: 07-CV-7916 (VM) |
| -against- | |
| ACCENTURE LTD. and ACCENTURE LLP, | |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

ACCENTURE LTD and ACCENTURE LLP, by and through their attorneys, Seyfarth Shaw LLP, answer Plaintiff's Amended Complaint as follows:

### PARTIES AND VENUE

### AMENDED COMPLAINT ¶ NO. 1:

Plaintiff, Rosemary O'Mahony, is a resident of the United Kingdom.

**ANSWER:**

Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph No. 1 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 2:**

Defendant Accenture Ltd. (together with its subsidiaries, hereafter referred to as "Accenture"), is a Bermuda company that is listed on the New York Stock Exchange. Accenture is one of the world's leading management consulting, technology services and outsourcing organizations.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 2 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 3:**

Defendant Accenture LLP is an Illinois Limited Liability Partnership. Upon information and belief, Accenture LLP is a wholly-owned subsidiary of Accenture Ltd.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 3 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 4:**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because one of the claims asserted herein arises under 18 U.S.C § 1514A.

**ANSWER:**

Defendants admit that this Court has asserted subject matter jurisdiction over this action. Defendants respectfully disagree with the Court's decision and, therefore, deny the allegations contained in Paragraph No. 4 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 5:**

Venue is properly laid in this District pursuant to 28 U.S.C. § 1391 because it is a District in which the defendant resides and is a District in which a substantial portion of the events giving rise to the claims asserted herein occurred.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 5 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 6:**

This action, brought under Title VIII of the Sarbanes-Oxley Act of 2002 (18 U.S.C. § 1514A), seeks to recover damages sustained by plaintiff when Accenture, her employer, retaliated against her because of her investigation of, and objection to, Accenture's fraudulent scheme to evade the payment of millions of dollars of social security contributions that were due to the French government.

**ANSWER:**

Defendants admit that Plaintiff's action is brought under Title VIII of the Sarbanes-Oxley Act of 2002 (18 U.S.C. § 1514A) and that Plaintiff seeks to recover damages. Defendants deny the remaining allegations contained in Paragraph No. 6 of Plaintiff's Amended Complaint and further deny that Plaintiff is entitled to recover any damages.

## FACTS GIVING RISE TO THE CAUSES OF ACTION

A.  **Ms. O'Mahony's Employment With Accenture**

**AMENDED COMPLAINT ¶ NO. 7:**

As of August 31, 2004, Accenture had more than 100,000 employees worldwide, approximately 2,300 of which were designated as "partners." From 1988 until October 2006 Ms. O'Mahony was one such partner.

**ANSWER:**

Defendants admit that from 1988 until August 31, 2004 Plaintiff was a partner of Accenture LLP or its predecessors, Andersen Consulting. Defendants further admit that Plaintiff was a partner of Accenture SAS from September 1, 2004 until October 2006. Defendants deny the remaining allegations contained in Paragraph No. 7 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 8:**

Ms. O'Mahony was a partner and employee of Accenture's United States subsidiary, Accenture LLP, and its predecessor, Andersen Consulting LLP, from 1984 until August 31, 2004.

**ANSWER:**

Defendants deny that Plaintiff was a partner of Andersen Consulting prior to September 1, 1988. Defendants admit the remaining allegations contained in Paragraph No. 8 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 9:**

In or about September 1992, Ms. O'Mahony began an expatriate assignment for Accenture in France to establish and head a new Accenture office in Sophia Antipolis. Initially her assignment involved working part-time in France, but from September 1993 onwards her expatriate assignment was on a full time basis.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 9 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 10:**

In 1996, at Accenture's request, Ms. O'Mahony moved to Paris to lead the Technology Competency division for Accenture's West Europe region.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 10 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 11:**

In 2000, again at Accenture's request, Ms. O'Mahony assumed global responsibility for the Technology Competency division in the Resources Industry Group. Ms. O'Mahony's employment remained in France.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 11 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 12:**

As of September 1, 2004, Ms. O'Mahony was transferred from defendant Accenture LLP to Accenture SAS, the French operating subsidiary of Accenture. She remained an employee of Accenture SAS until October 31, 2006.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 12 of Plaintiff's Amended Complaint.

**B.    Accenture's Fraudulent Scheme to Evade Social Security Taxes owed in France**

**AMENDED COMPLAINT ¶ NO. 13:**

Beginning in or about 1997, American executives of Accenture undertook a concerted course of action to deliberately evade paying millions of dollars of French social security payments that Accenture was legally obligated to make. Upon information and belief, Accenture violated 18 U.S.C. § 1341 and/or 18 U.S.C. § 1343 in perpetration of the fraud.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 13 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 14:**

Under the terms of the Agreement on Social Security Between the United States of America and the French Republic, dated March 2, 1987 ("Social Security Treaty"), employees who are sent by United States employers to work in the territory of France are subject to the provisions of the French social security system and their employers are legally obligated to make employer-contributions with respect to each such employee in France. The only exception to this rule applies to employees for whom "the period of work in the territory of [France] is not expected to exceed 5 years" and with respect to whom the employer obtains a Certificate of Coverage.

**ANSWER:**

Defendants admit the allegations Paragraph No. 14.

**AMENDED COMPLAINT ¶ NO. 15:**

Accenture obtained the requisite Certificate of Coverage, exempting it from paying social security contributions in France during the first five years of Ms. O'Mahony's assignment in France. This Certificate of Coverage was for the period September 1992 to August 1997.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 15 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 16:**

Accordingly, as of September 1997 Accenture had a legal obligation to begin paying social security contributions ("French Social Security Contributions") with respect to Ms. O'Mahony to the French social security system. The French Social Security Contributions included URSSAF contributions (basic healthcare, life insurance and basic retirement fund), ASSEDIC (unemployment insurance fund) and ARRCO and AGIRC (supplemental retirement funds).

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 16 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 17:**

Accenture deliberately and wilfully concealed Ms. O'Mahony's employment status from the French authorities and fraudulently withheld payment of the French Social Security Contributions that were legally owed.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 17 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 18:**

Accenture was legally obligated to pay French Social Security Contributions in an amount equal to approximately 36% of Ms. O'Mahony's total compensation for the period September 1997 through September 1, 2004, when she became an employee of Accenture SAS.

**ANSWER:**

Defendants admit that Accenture was legally obligated to pay French Social Security Contributions between approximately July 2001 and August 31, 2004. Defendants deny the remaining allegations contained in Paragraph 18.

**AMENDED COMPLAINT ¶ NO. 19:**

During the period September 1997 through September 2004, Ms. O'Mahony received more than $10.5 million in earnings from Accenture.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 19 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 20:**

Upon information and belief, the French Social Security Contributions Accenture fraudulently evaded paying to the French authorities with respect solely to Ms. O'Mahony for the period September 1997 through September 2004, amounted to approximately $3.7 million.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 20 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 21:**

During the period Ms. O'Mahony was on expatriate assignment in France, Accenture LLP had multiple other senior employees and partners on expatriate assignment in France.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 15 of Plaintiff's Amended Complaint.

**C.    Ms. O'Mahony's Opposition to, and Complaints About, Accenture's Fraudulent Scheme**

**AMENDED COMPLAINT ¶ NO. 22:**

Beginning in or about October 2001, Ms. O'Mahony had discussions with Steven Brown, an associate partner in Accenture's corporate finance group in New York, and Carine De Bontridder, a manager in that group, regarding the legal obligation of Accenture to begin making French Social Security Contributions on her behalf.

**ANSWER:**

Defendants admit that Accenture initiated communications with Plaintiff regarding the legal obligation of Accenture and Plaintiff to begin paying French Social Security Contribution in 2001. Defendants deny the remaining allegations contained in Paragraph No. 22 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 23:**

Beginning in or about November 2001, Ms. O'Mahony made repeated demands to Accenture that Accenture comply with its legal obligation to pay the French Social Security Contributions to the French authorities with respect to her employment compensation.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 23 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 24:**

During the period November 2001 through September 2004, some of Accenture's most senior executives in the United States repeatedly admitted to Ms. O'Mahony that Accenture was legally obligated to pay the French Social Security Contributions. However, these executives informed Ms. O'Mahony that Accenture had deliberately decided not to make these payments and had deliberately decided to conceal from the French authorities the fact that she was working in France.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 24 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 25:**

In conversations on or about February 28, 2004 and June 10, 2004 with Pamela Craig, Accenture's Global Financial Controller in New York, Ms. O'Mahony reiterated her demand that

Accenture make payment of the French Social Security Contributions that were legally mandated by French law.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 25 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 26:**

On July 28, 2004, Ms. Craig told Ms. O'Mahony that she (Craig) and Michael McGrath, Accenture's Global Risk Officer in the United States, would make a final decision as to whether or not Accenture would pay the French Social Security Contributions.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 26 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 27:**

During a series of telephone conversations with Ms. Craig in August and September 2004, Ms. O'Mahony continued to insist that Accenture pay the French Social Security Contributions and expressly informed Ms. Craig that she would not agree to conceal the 'fraud' being committed by Accenture.

**ANSWER:**

Defendants admit that in August 2004 Pam Craig and Plaintiff discussed the issue of Accenture's payment of French Social Security Contributions. Defendants deny the remaining allegations contained in Paragraph No. 27 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 28:**

On September 23, 2004, Ms. Craig informed Ms. O'Mahony that Jamey Shachoy, Accenture's global tax partner based in California, had affirmatively decided that Accenture's "interests" would best be served by not making any of the French Social Security Contributions and continuing to affirmatively conceal from the French authorities the fact that Ms. O'Mahony had been employed in France since 1998.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 28 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 29:**

Ms. O'Mahony told Ms. Craig that she objected to Accenture's actions and that she would not be a party to tax fraud.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 29 of Plaintiff's Amended Complaint.

D.  **Accenture's Retaliation Against Ms. O'Mahony Because of Her Complaints and Objections**

**AMENDED COMPLAINT ¶ NO. 30:**

The Accenture partnership structure comprises nine tiers, called "levels of responsibility" ("Level of Responsibility"). A partner's compensation range is a function of the Level of Responsibility assigned to the partner.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 30 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 31:**

On November 19, 2004, less than two months after Ms. O'Mahony's most recent opposition to Accenture's fraud, Ms. O'Mahony was informed by Accenture that her Level of Responsibility was being reduced from B1 to A3 effective December 1, 2004.

**ANSWER:**

Defendants admit that Plaintiff was informed by Accenture on Nov. 19, 2004 that her Level of Responsibility was being reduced from B1 to A3 effective Dec 1, 2004. Defendants deny the remaining allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 32:**

Ms. O'Mahony was given no prior warning of this unprecedented reduction of her role.

**ANSWER:**

Defendants are without sufficient knowledge or information to form a belief as to the truth of whether Plaintiff was specifically warned of the impending reduction in her own Level of Responsibility. Defendants deny the remaining allegations contained in Paragraph No. 32 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 33:**

The reduced level of A3 represents the Level of Responsibility typically given to partners with between four and six years of seniority as partners, rather than Ms. O'Mahony's 16 years.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 33 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 34:**

As a direct result of the reduction of Ms. O'Mahony's Level of Responsibility her compensation for the period December 1, 2004 through October 31, 2006 was decreased by an amount estimated to exceed $670,000.

**ANSWER:**

Defendants admit that Plaintiff's compensation was decreased effective Dec. 1 as direct result of the reduction in her Level of Responsibility. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 34 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 35:**

The decision to reduce Ms.O'Mahony's level of responsibility was made by Tom Pike, Accenture's global business operations director, who is based in New York.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 35 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 36:**

Pike had no direct contact or reporting relationship with Ms. O'Mahony in 2004. However, Pike had multiple discussions with Pamela Craig during the summer of 2004 regarding Ms.O'Mahony's complaints about, and opposition to, Accenture's fraudulent scheme to evade payment of the French Social Security Contributions.

**ANSWER:**

Defendants admit that Pike had no direct contact or reporting relationship with Plaintiff.

Defendants deny the remaining allegations contained in Paragraph No. 36 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 37:**

Accenture reduced Ms. O'Mahony's level of responsibility in retaliation for her complaints about, and opposition to, Accenture's fraudulent scheme to evade payment of the French Social Security Contributions.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 37 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 38:**

Defendants' reduction of Ms. O'Mahony's level of responsibility and compensation has caused damage to her reputation that will substantially diminish her future earnings capacity, thereby reducing Ms. O'Mahony's future earnings in an amount to be determined at trial but not less than $1.2 million.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 38 of Plaintiff's Amended Complaint.

CH1 11424760.1

## FIRST CAUSE OF ACTION

**AMENDED COMPLAINT ¶ NO. 39:**

Pursuant to Fed. R. Civ. P. 10(c), plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" as if repeated and incorporated herein.

**ANSWER:**

Defendants incorporate by reference their Answers to Paragraphs "1" through "38" as though fully set forth herein.

**AMENDED COMPLAINT ¶ NO. 40:**

Defendants retaliated against plaintiff because of her investigation of, opposition to, and complaints about, its fraudulent scheme to evade payment of the French Social Security Contributions.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 40 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 41:**

By reason thereof, defendants have violated 18 U.S.C. § 1514A.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 41 of Plaintiff's Amended Complaint.

**AMENDED COMPLAINT ¶ NO. 42:**

By reason thereof, plaintiff has been damaged in an amount to be determined at trial, but not less than $1,870,000.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 42 of Plaintiff's Amended Complaint and further deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred because Plaintiff failed to file a timely complaint with the U.S. Department of Labor as required by 18 U.S.C. § 1514A(b)(2)(D).

2. Plaintiff's damages, if any, must be offset by amounts she received as a result of a judgment ordered by the Consiel de Prud' Hommes (employment tribunal) in Paris.

3. Plaintiff has no right to a jury trial as to all or a portion of her claims under Section 806 of the Sarbanes-Oxley Act.

4. Plaintiff has failed to mitigate her damages, if any.

5. Plaintiff's claim for back pay damages is barred on the basis of res judicata or collateral estoppel.

6. Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

DATED: New York, New York
March 10, 2008

Respectfully submitted,

SEYFARTH SHAW LLP

By:   s/ Anthony J. Rao
Anthony J. Rao (AR-8482)
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

David Rowland, *admitted Pro Hac Vice*
Miriam Geraghty, *admitted Pro Hac Vice*
131 South Dearborn Street, Suite 2400
Chicago, IL 60603
(312) 460-5965

*Attorneys for Defendants Accenture Ltd and Accenture LLP*