**KAISER SAURBORN & MAIR, P.C.**
COUNSELORS AT LAW

111 Broadway
New York, NY 10006
Tel 212 338 9100
Fax 212 338 9088
www.ksmlaw.com

August 25, 2008

**VIA ECF**
The Honorable Michael H. Dolinger
United States Magistrate Judge
United States District Court for
 the Southern District of New York
500 Pearl Street, Room 1030
New York, New York 10007-1312

>  Re:  Rosemary O'Mahony v. Accenture Ltd. and Accenture LLP
>        United States District Court, S.D.N.Y – 07 cv. 7916 (VM)(MHD)

Dear Judge Dolinger:

  We represent the plaintiff, Rosemary O'Mahony, in the above-referenced action. As the parties discussed with Your Honor at the court conference held on August 11, 2008, I write to request that the Court issue the enclosed Request for International Judicial Assistance ("Letter of Request") pursuant to the Hague Convention on the Taking of Evidence Abroad. The purpose of the Letter of Request is to obtain the testimony of four witnesses and certain categories of documents located in France that are centrally relevant to this action.

**The Hague Convention Procedure**

  The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, T.I.A.S. No. 7444, reprinted in 28 U.S.C. § 1781 ("Hague Convention") establishes certain procedures through which a judicial authority in one nation that is a signatory to the Convention may request evidence located in another signatory nation. Societe Nationale v. United States District Court, 482 U.S. 522 (1987); Laker Airways Ltd. v. Pan American World Airways, 607 F. Supp. 324, 326 (S.D.N.Y. 1985) (Hague Convention "sets forth agreed international procedures for seeking evidence in this Court from non-parties abroad"). Both the United States and France are signatories to the Hague Convention.

  Article 1 of the Hague Convention provides that:

> [i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act.

KAISER SAURBORN & MAIR, P.C.

Hon. Michael H. Dolinger
Re: O'Mahony v. Accenture
August 25, 2008
Page -2-

In the case of France, the Hague Convention provides the only mechanism to obtain testimony from witnesses located in France for use in a U.S. legal proceeding. Notably, Accenture's counsel initially agreed to explore the possibility of voluntarily producing French witnesses that are still employed by the French Accenture affiliate. However, legal advice in France obtained by both parties revealed that France has a "Blocking" statute which makes it a criminal offense to cooperate in U.S. discovery proceedings without using the mechanisms set forth in the Hague Convention.

**The Testimony and Documents Sought are Central to This Case**

This is an action for whistleblower retaliation brought pursuant to Title VIII of the Sarbanes-Oxley Act of 2002 (18 U.S.C. § 1514A). Ms O'Mahony alleges that Accenture, her former employer, retaliated against her because of her complaints about Accenture's fraudulent scheme to evade the payment of millions of dollars of social security contributions that were due to the French government.

Specifically, Plaintiff alleges that as of September 1997 Accenture had a legal obligation to begin paying social security contributions on her behalf into the French social security system. She further alleges that Accenture deliberately and wilfully concealed her employment status from the French authorities and fraudulently withheld payment of millions of dollars of French Social Security Contributions that were legally owed on her behalf for the period 1997 through 2004. Plaintiff also alleges that senior Accenture executives admitted to her that Accenture had a legal obligation to pay French social security payments retroactively on her behalf but that it made an internal decision not to pay these contributions because it "was in Accenture's best interests" not to pay them.

The proposed Hague Letter of Request seeks the depositions of four current or former Accenture employees and executives in France, all of whom were identified by Defendants in discovery as persons with relevant knowledge. All of the witnesses communicated with Ms. O'Mahony and senior U.S. executives of Accenture concerning Accenture's obligations to pay cotisations and declare Ms. O'Mahony to the French authorities.

The Letter of Requests provides for the the witnesses to be examined on the following subjects:

(a) The witnesses' communications with Ms. O'Mahony relating to payment or non-payment of her "cotisations" (social tax contributions) and declaring or not declaring her to the French URSSAF, ASSEDIC, ARRCO and AGIRC authorities.

(b) The witnesses' communications with Accenture's US executives and employees relating to payment or non-payment of Ms. O'Mahony's cotisations and decisions

KAISER SAURBORN & MAIR, P.C.

Hon. Michael H. Dolinger
Re: O'Mahony v. Accenture
August 25, 2008
Page -3-

          as to declaring or not declaring Ms. O'Mahony to the French URSSAF, ASSEDIC, ARRCO and AGIRC authorities.

(c)     Communications between Accenture (including Accenture LLP and Accenture SAS) and the French URSSAF, ASSEDIC, ARRCO and AGIRC departments/agencies relating to Ms. O'Mahony.

(d)     The reason(s) for Accenture's failure to pay cotisations on Ms. O'Mahony's behalf during the period 1997 until September 2004.

(e)     The reason(s) for Accenture's failure to declare Ms. O'Mahony to the French URSSAF, ASSEDIC, ARRCO and AGIRC authorities during the period 1997 until September 2004.

(f)     The witnesses' communications with Ms. O'Mahony and other Accenture employees and executives relating to using a French employment contract signed by Ms. O'Mahony in 2004 as a mechanism to declare her to the French URSSAF, ASSEDIC, ARRCO and AGIRC authorities without paying cotisations for the period prior to 2004.

In addition, the Letter of Request seeks the following categories of documents:

(a)     All letters and emails between Accenture (including Accenture LLP and Accenture SAS) and the French URSSAF, ASSEDIC, ARRCO and AGIRC departments/agencies relating to Ms. O'Mahony.

(b)     All notes and memoranda of conversations between Accenture (including Accenture LLP and Accenture SAS) and the French URSSAF, ASSEDIC, ARRCO and AGIRC departments/agencies relating to Ms. O'Mahony.

(c)     All memoranda and emails written or received by any of the French witnesses relating to payment or non-payment of cotisations for Ms. O'Mahony.

(d)     All memoranda and emails written or received by any of the French witnesses relating to declaring Ms. O'Mahony to the French URSSAF, ASSEDIC, ARRCO and AGIRC departments/agencies.

(e)     All documents evidencing the dates and amounts of all cotisation contributions made by Accenture LLP or Accenture SAS on Ms. O'Mahony's behalf to the French URSSAF, ASSEDIC, ARRCO and AGIRC departments/agencies.

KAISER SAURBORN & MAIR, P.C.

Hon. Michael H. Dolinger
Re: O'Mahony v. Accenture
August 25, 2008
Page -4-

      (f)    All documents evidencing declarations made by Accenture LLP or Accenture SAS to the French URSSAF, ASSEDIC, ARRCO and AGIRC departments/agencies that Ms. O'Mahony was working in France.

We thank the Court for its consideration of this matter.

                                    Respectfully submitted,

                                    David N. Mair

cc:    David Rowland, Esq. (by ECF)
        Peter A. Walker, Esq. (by ECF)