UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ROSEMARY O'MAHONY,                             07 cv. 7916 (VM)(MHD)

        Plaintiffs,

-against-

ACCENTURE LTD. and ACCENTURE LLP,

        Defendants.
-------------------------------------------------------------x

REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE PURSUANT TO THE HAGUE CONVENTION
OF MARCH 18, 1970 ON THE TAKING OF
EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

| | |
|---|---|
| 1. Sender | The Honorable Michael H. Dolinger<br>United States Magistrate Judge<br>United States District Court for<br>  the Southern District of New York<br>United States Courthouse<br>500 Pearl Street<br>New York, New York 10007<br>U.S.A. |
| 2. Central Authority of<br>the Republic of France<br>(hereafter "France") | Ministry of Justice<br>Civil Division of International Judicial Assistance<br>13 Place Vendome<br>Paris (1er)<br>France |
| 3. Person to whom the<br>executed request<br>is to be returned | The Honorable Michael H. Dolinger<br>United States Magistrate Judge<br>United States District Court for<br>  the Southern District of New York<br>United States Courthouse<br>500 Pearl Street<br>New York, New York 10007<br>U.S.A. |

4.    In conformity with Article 3 of the Convention, the undersigned applicant has the

honor to submit the following request:

| | |
|---|---|
| 5a. Requesting Judicial authority (Article 3, a) | The Honorable Michael H. Dolinger United States Magistrate Judge United States District Court for the Southern District of New York United States Courthouse 500 Pearl Street New York, New York 10007 U.S.A. |
| b. To the competent authority of France (Article 3, a) | Ministry of Justice Civil Division of International Judicial Assistance 13 Place Vendome Paris (1er) France |
| 6. Names and Addresses of the parties and their representatives (Articles 3, b) | |
| a. Plaintiff | Rosemary O'Mahony |
| Attorneys for plaintiff | David N. Mair, Esq. Kaiser Saurborn & Mair, P.C. 111 Broadway, 18th Floor New York, New York 10006 +1-212-338-9100 |
| b. Defendants | Accenture LLP and Accenture Ltd. |
| Attorneys for defendant | David J. Rowland, Esq. Seyfarth Shaw LLP 131 South Dearborn Street, Suite 2400 Chicago, IL 60603-5577 +1-312-460-5817 |

| | | |
|---|---|---|
| 7. | Nature and purpose of proceedings and summary of the facts (Article 3, c) | Plaintiff, Rosemary O'Mahony, was a partner and employee of defendant Accenture LLP, and its predecessor, Andersen Consulting LLP, from 1984 until August 31, 2004. In this U.S. employment retaliation lawsuit plaintiff asserts claims against Accenture under the whistleblower-protection provisions of the U.S. Sarbanes-Oxley Act (18 U.S.C. § 1514A).<br><br>Beginning in or about 1992, Accenture transferred Ms. O'Mahony to work in France where she established and headed a new technology consulting group based in Sophia Antipolis. Plaintiff alleges that, beginning as early as 1997, Accenture and its French affiliate, Accenture SAS, had a legal obligation under French law to declare her to the French URSSAF, ASSEDIC, ARRCO and AGIRC authorities and to begin paying "cotisations" (social taxes) on her behalf but that Accenture deliberately failed to do so. She further alleges that Accenture LLP retaliated against her because of her repeated complaints about Accenture's failure to pay the cotisations and declare her to the French authorities. |
| 8. | Evidence to be obtained or other judicial act to be performed (Article 3, d) | Testimony of four important witnesses for use as evidence at trial. |

| | | |
|---|---|---|
| 9. | Identity and address of any person to be examined (Article 3, e) | Benoit Genuini<br>4 avenue Girodet<br>Rueil-Malmaison<br>France 92500<br><br>[Mr. Genuini is the former Country Managing Director of Accenture SAS]<br><br>Dominigue Calmels<br>Accenture SAS<br>118/120 Avenue de France<br>75013 Paris<br>France<br><br>[Mr. Calmels is Accenture's Financial Controller in France]<br><br>Nathalie Hellio<br>Accenture SAS<br>118/120 Avenue de France<br>75013 Paris<br>France<br><br>[Ms. Helio is the Lead for RMS Gallia & South Europe in Accenture's Individual Tax Group]<br><br>Catherine Dellhaye<br>Accenture SAS<br>118/120 Avenue de France<br>75013 Paris<br>France<br><br>[Ms. Dellhaye is the Lead for Gallia GS and Legal and Commercial for Accenture]<br><br>These witnesses all had meetings and discussions with Ms. O'Mahony and senior U.S. executives of Accenture concerning Accenture's obligations to pay cotisations and declare Ms. O'Mahony to the French authorities. |

| | |
|---|---|
| 10. Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | The subject matters about which the witnesses are to be examined are:<br><br>(a) The witnesses' communications with Ms. O'Mahony relating to payment or non-payment of her cotisations and declaring or not declaring her to the French URSSAF, ASSEDIC, ARRCO and AGIRC authorities.<br><br>(b) The witnesses' communications with Accenture's US executives and employees relating to payment or non-payment of Ms. O'Mahony's cotisations and decisions as to declaring or not declaring Ms. O'Mahony to the French URSSAF, ASSEDIC, ARRCO and AGIRC authorities.<br><br>(c) Communications between Accenture (including Accenture LLP and Accenture SAS) and the French URSSAF, ASSEDIC, ARRCO and AGIRC departments/agencies relating to Ms. O'Mahony.<br><br>(d) The reason(s) for Accenture's failure to pay cotisations on Ms. O'Mahony's behalf during the period 1997 until September 2004.<br><br>(e) The reason(s) for Accenture's failure to declare Ms. O'Mahony to the French URSSAF, ASSEDIC, ARRCO and AGIRC authorities during the period 1997 until September 2004.<br><br>(f) The witnesses' communications with Ms. O'Mahony and other Accenture employees and executives relating to using a French employment contract signed by Ms. O'Mahony in 2004 as a mechanism to declare her to the French URSSAF, ASSEDIC, ARRCO and AGIRC authorities without paying cotisations for the period prior to 2004. |

| | |
|---|---|
| 11. Documents or other property to be inspected (Article 3, g) | The documents and electronically-stored information to be inspected and copied are:<br><br>(a) All letters and emails between Accenture (including Accenture LLP and Accenture SAS) and the French URSSAF, ASSEDIC, ARRCO and AGIRC departments/agencies relating to Ms. O'Mahony.<br><br>(b) All notes and memoranda of conversations between Accenture (including Accenture LLP and Accenture SAS) and the French URSSAF, ASSEDIC, ARRCO and AGIRC departments/agencies relating to Ms. O'Mahony.<br><br>(c) All memoranda and emails written or received by any of the witnesses listed in Section 9 of this request relating to payment or non-payment of cotisations for Ms. O'Mahony.<br><br>(d) All memoranda and emails written or received by any of the witnesses listed in Section 9 of this request relating to declaring Ms. O'Mahony to the French URSSAF, ASSEDIC, ARRCO and AGIRC departments/agencies.<br><br>(e) All documents evidencing the dates and amounts of all cotisation contributions made by Accenture LLP or Accenture SAS on Ms. O'Mahony's behalf to the French URSSAF, ASSEDIC, ARRCO and AGIRC departments/agencies.<br><br>(f) All documents evidencing declarations made by Accenture LLP or Accenture SAS to the French URSSAF, ASSEDIC, ARRCO and AGIRC departments/agencies that Ms. O'Mahony was working in France. |
| 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | We request that the witness be given an oath or affirmation. |

-6-

| | |
|---|---|
| 13. Special methods or procedure to be followed (Articles 3, I and 9) | We request that the following special methods and procedures be followed:<br><br>a. We request that the testimony of the Witness be taken orally; that it be recorded verbatim in a written transcript; and that the transcript of the testimony be authenticated in accordance with French procedures.<br><br>b. We request that counsel for the parties be permitted to record the proceedings on videotape. The parties' counsel will provide the videotape and technical equipment needed to facilitate this request.<br><br>c. We request that counsel for both parties to this action be permitted to attend the testimony of the witness.<br><br>d. We request that counsel for both parties to this action be permitted to conduct the questioning of the witness, if appropriate under the law and procedure of France. |
| 14. Request for Notification of the time and place for the execution of the Letter of Request and identity and address of any person to be notified (Article 7) | Time and place: We request that the examination be conducted at a time which is mutually convenient for the witness, the parties and their counsel. and at a location to be designated by the Central Authority of France.<br><br>Person to be Notified:<br>David N. Mair<br>Kaiser Saurborn & Mair, P.C.<br>111 Broadway, 18th Floor<br>New York, New York 10006<br>+1-212-338-9100<br><br>Any questions of the Ministry of Justice concerning this Letter of Request may be directed to Mr. Mair at the address and telephone number shown above. |

| | |
|---|---|
| 15. Request for attendance and participation of judicial personnel of the requesting authority at the execution of the Letter of Request | We request that counsel for the plaintiff and the defendant be permitted to attend and participate in the taking of testimony from the witness. |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin. (Article 11, b) | |
| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | The plaintiff. |

Date of Request                    _____, 2008

Signature and seal of
the requesting authority           _____
                                   The Honorable Michael H. Dolinger
                                   United States Magistrate Judge

- 8 -